IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO FILIBERTO CISNEROS DONDIEGO, JR., et al.,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants.<br>_____/ | CASE NO. CV-F-03-6865 LJO<br><br>**ORDER TO GRANT MOTION TO WITHDRAW AS COUNSEL AND TO DISMISS ACTION WITHOUT PREJUDICE**<br>(Doc. 12.) |

**INTRODUCTION**

The law firm of Perez, Williams & Medina ("PWM") seeks to withdraw as counsel for minor plaintiff Gustavo Filiberto Cisneros Dondiego, Jr. ("Gustavo Jr.") in this medical malpractice action. This Court conducted March 11 and 22, 2005, April 27, 2005 and May 24, 2005 hearings on PWM's motions to withdraw. PWM appeared at the hearings by Robert Gray Williams ("Mr. Williams") and Robert Perez. Defendant United States of America ("Government") appeared at the hearings by Assistant U.S. Attorney Kristi Kapetan. Gustavo Dondiego ("Mr. Dondiego"), Gustavo Jr.'s father and guardian ad litem, appeared only at the April 27, 2005 hearing during which this Court explained that this action cannot proceed without new counsel to represent Gustavo Jr. and that this Court will dismiss this action without prejudice if new counsel is not retained for Gustavo Jr. Neither Mr. Dondiego nor the Government has filed papers to oppose PWM's withdrawal, and no new counsel has appeared for Gustavo Jr. For the reasons discussed below, this Court:

    1.    GRANTS PWM's motion to withdraw; and

2.     DISMISSES this action without prejudice.

**BACKGROUND**

During March 2000 to July 24, 2001, Gustavo Jr., now age 13, received medical treatment from Sequoia Community Health Foundation, Inc., d/b/a Ventura P. Huerta Health Center ("health center"), in Fresno.  Gustavo Jr. alleges that the health center negligently failed to diagnose development of brain tumors to result in his blindness and retarded mental development.  The Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2401(b) and 2671-2680, applies coverage to federally supported health centers and their employees for acts or omissions, pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n).  Therefore, the health center and its employees are deemed employees of the Public Health Service and covered by 42 U.S.C. § 233(a) for acts and omissions alleged in this action.

On December 17, 2003, Mr. Dondiego was appointed guardian ad litem for Gustavo Jr. and filed this action for Gustavo Jr. to allege medical malpractice claims against the health center and its employees, whom the Government defends.  On February 4, 2005, PWM filed its motion to withdraw on grounds "developments . . . preclude[] counsel from proceeding with the prosecution of this case."  In his February 4, 2005 declaration, Gustavo Jr.'s lead counsel Mr. Williams indicates that PWM's papers were personally delivered to Mr. Dondiego's residence and that a PWM associate "contacted Mr. Dondiego by telephone and informed him in Spanish of this motion and the scheduled hearing date."  PWM presents a substitution of attorney signed by Mr. Dondiego to "substitute and appoint themselves in propria persona" in place of PWM. PWM indicates that Mr. Dondiego "will be seeking the advise of another attorney for a second opinion."

On March 23, 2005 and pursuant to this Court's March 11, 2005 order, PWM filed its declaration under seal to explain its substantive grounds to withdraw.  Also on March 23, 2005, with hopes Mr. Dondiego could secure new counsel and at PWM's request, this Court issued its March 23, 2005 order to extend discovery, motion and trial dates.  Mr. Dondiego attended the April 27, 2005 hearing during which this Court explained that this action cannot proceed without new counsel to represent Gustavo Jr. and that this Court will dismiss the action without prejudice if new counsel is not retained for Gustavo Jr.  Mr. Dondiego indicated that he understood the Court's explanation.  At the April 27, 2005

1 hearing with its order of the same date, this Court set a May 24, 2005 hearing and ordered Mr.
2 Dondiego's new counsel, if any, to appear. Neither Mr. Dondiego nor new counsel appeared at the May
3 24, 2005 hearing although Mr. Dondiego was given sufficient notice of the hearing.

**DISCUSSION**

This Court's Local Rule 83-182(d) addresses attorney withdrawal and provides in pertinent part:

> . . . an attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

California Rules of Professional Conduct, Rule 3-700(C) addresses permissive withdrawal and states in pertinent part:

> . . . a member may not request permission to withdraw in matters pending before a tribunal . . . unless such request or such withdrawal is because:
>
> (5)   The client knowingly and freely assents to termination of the employment . . .

California Code of Civil Procedure section 284 allows an attorney to be "changed at any time before or after judgment" upon "consent of both the client and attorney" or "order of the court" upon notice to the client. "The question of granting or denying an application of an attorney to withdraw as counsel . . . is one which lies within the sound discretion of the trial court 'having in mind whether such withdrawal might work an injustice in the handling of the case.'" *People v. Prince*, 268 Cal.App.2d 398, 403-404, 74 Cal.Rptr. 197, 202-203 (1968) (citations omitted); *see Manfredi & Levine v. Superior Court*, 66 Cal.App.4th 1128, 1133, 78 Cal.Rptr.2d 494, 497 (1998) ("The determination whether to grant or deny a motion to withdraw as counsel lies within a trial court's sound discretion."); *People v. Brown*, 203 Cal.App.3d 1335, 1340, 250 Cal.Rptr. 762 (1988); *see The Statute of Liberty – Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (granting withdrawal because client failed to cooperate and pay legal expenses). "The office of attorney is one of the very highest confidence and when the client suspects and questions the good faith of his attorney the attorney should be permitted to withdraw from the case unless some very compelling reason exists

for forcing him to continue with the ungrateful task." *Helpe v. Kluge*, 104 Cal.App.2d 461, 462, 231 P.2d 505 (1951).

Moreover, in *In re Woodcock*, 100 B.R. 520 (Bankr. E.D. Cal. 1989), the Bankruptcy Court of this Eastern District of California addressed attorney withdrawal under Local Rule 182(b), the predecessor to current Local Rule 83-182(d). The bankruptcy court noted that this Court's Local Rules "define the methods for making an appearance and the terms and conditions of withdrawal" and that withdrawals leaving a client unrepresented are governed by Local Rule 182(b) (current Local Rule 83-182(d)). *Woodcock*, 100 B.R. at 522. The bankruptcy court explained:

> Thus, counsel . . . may withdraw only if there is either (1) a substitution of a new counsel . . . or (2) a court order authorizing withdrawal, which order must be on motion noticed to the client and all other parties who have appeared and which is subject to the further requirement that counsel has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with any other applicable laws and rules.

*Woodcock*, 100 B.R. at 523.

PWM claims that it advised Mr. Dondiego of developments that preclude PWM's continued representation of Gustavo Jr. and that Mr. Dondiego would seek advise of a second attorney. PWM provided Mr. Dondiego notice of its motion to withdraw and obtained Mr. Dondiego's signature to an substitution of attorney to claim Mr. Dondiego assents to termination of PWM's employment. PWM provided its declaration under seal to provide good cause grounds for its withdrawal. This Court explained, and Mr. Dondiego indicated he understood, the need to obtain new counsel for Gustavo Jr.

Although PWM has addressed technical matters for withdrawal, Gustavo Jr. cannot be left unrepresented by counsel. The Ninth Circuit Court of Appeals and other circuit courts hold "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). A non-lawyer "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (upholding dismissal of minor's claims without prejudice which were brought by father as the minor's guardian ad litem). The issue of whether a parent can pursue a pro se lawsuit for a minor "falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Supp. 168, 172 (E.D. Va. 1994).

4

The Ninth Circuit has adopted the Third Circuit Court of Appeals' reasoning:

> The choice to appear pro se is not a true choice for minors who under state law, see F.R.Civ.P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Johns*, 114 F.3d at 876-877 (quoting *Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-883 (3rd Cir. 1991)).

As a non-attorney, Mr. Dondiego cannot pursue Gustavo Jr.'s claims. This Court is obligated to protect Gustavo Jr. to see that he is represented by counsel. *See* F.R.Civ.P. 17(c) (court "shall make such other order as it deems proper for the protection of the infant"). This Court is not in a position to leave Gustavo Jr. unrepresented in light of PWM's warranted withdrawal. In the absence of new counsel for Gustavo Jr., this Court's only option is to dismiss this action without prejudice.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS PWM's motion to withdraw;
2. ORDERS PWM, if it has not done so already, to provide Mr. Dondiego all papers and property to which Mr. Dondiego is entitled and to comply with other applicable laws and rules;
3. ORDERS PWM to assist new counsel, if any is retained, in transition to represent Gustavo Jr.;
4. DISMISSES this action without prejudice and VACATES all pending dates, including the January 10, 2006 pretrial conference and February 27, 2006 trial; and
5. DIRECTS this Court's clerk to serve a copy of this order on Gustavo Dondiego, 944 West Myers, Fresno, CA 93706.

IT IS SO ORDERED.

**Dated:   May 24, 2005**                           /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE